UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KENDALL CARNAHAN,

       Plaintiff,

  -against-                                                                                           25 Civ. 490 (CM)

BATON CORPORATION LTD., d/b/a
PUMP.FUN, ALON COHEN, DYLAN
KERLER, and NOAH BERHARD
HUGO TWEEDALE,

       Defendants.

------------------------------------------------------------x

DIEGO AGUILAR, on behalf of himself
and all others similarly situated,

       Plaintiff,

  -against-                                                                                           25 Civ. 880 (CM)

BATON CORPORATION LTD., d/b/a
PUMP.FUN, ALON COHEN, DYLAN
KERLER, and NOAH BERHARD HUGO
TWEEDALE,

       Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/2025

APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

McMahon, J.:

       These are two securities fraud putative class actions filed by a single law firm against exactly the same defendants, two weeks apart. Both lawsuits allege that the defendants engaged in the sale of unregistered securities in the form of cryptocurrency meme tokens. While the Aguilar complaint, which was the second filed action, is more detailed than the Carnahan complaint, it looks at first blush like both lawsuits are seeking the same relief for the same alleged violation of

the 1933 Securities Act. The Wolf Popper law firm, in conjunction with Burwick Law PLLC, filed both actions.

Pending before the court are two unopposed motions for lead counsel status – one by Aaron Kvenild in the Carnahan case; one by Michael Okafor in the Aguilar case. The time for filing opposing motions has expired in both cases. Both proposed lead plaintiffs ask that Wolf Popper and Burwick PLLC be appointed as lead counsel.

I do not understand why there are two lawsuits. As counsel are aware, I am generally opposed to appointing more than one lead counsel in securities fraud class actions, to avoid duplication and keep costs down. I certainly do not want to have duplicative lawsuits.

Wolf Popper and Burwick need to apprise the court, by letter, why there are two lawsuits; why they should not be consolidated into a single lawsuit (under the Carnahan number, which is the first filed case); if they are consolidated, which complaint should be the operative pleading (I would guess the later-filed and longer one but I do not wish to presume); and why I need two lead plaintiffs and two law firms to serve as lead counsel.

Please respond by Friday, June 20, 2025. When I get this sorted out administratively, I will give you your schedule for motions to dismiss and class certification.

Dated: June 18, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL