UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN, and MICHAEL OKAFOR *on behalf of themselves and all others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, and NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, LILY LIU, LUCAS BRUDER, BRIAN SMITH,<br><br>Defendants. | **Case No.: 1:25-cv-00880-CM-BCM**<br><br>Hon. Colleen McMahon |

## DECLARATION OF MAX BURWICK IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION

I, Max Burwick, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and am counsel for all Plaintiffs in the above-captioned action. I make this declaration based on my personal knowledge in support of Plaintiffs' Omnibus Motion for Leave to Amend and Other Relief.

2. The procedural history of this case, including the dates of filing for the Consolidated Amended Complaint and the four pending motions to dismiss, is accurately set forth in the Background section of the accompanying Memorandum of Law.

3. Regardless of the relief sought, Plaintiffs will honor the current schedule and will file their opposition to the pending motions to dismiss on Friday, September 26, 2025. The requested stay and schedule modification are intended to avoid unnecessary duplication and to prevent the Court and the parties from expending resources on briefing directed to a pleading that Plaintiffs' request be superseded by a Second Amended Complaint.

4. On or about January 15, 2025, a confidential informant ("CI") first contacted me and provided preliminary information that Plaintiffs, in good faith, incorporated into the Consolidated Amended Complaint. Approximately three weeks ago, the same CI alerted us to nearly 5,000 internal chat logs (Telegram/Discord-style exports) involving members of the Pump.fun team and third parties. The CI then produced those chats to us. This dataset was not available when the CAC was filed and bears directly on several issues in this case.

5. Our preliminary review shows multiple direct communications in which individuals identifying themselves as Solana Labs engineers exchanged messages with Pump.fun engineers and provided technical guidance concerning integration of key software components used in Pump.fun's launch flow (including Solana-level program functionality and priority-routing mechanics). These communications are material to Plaintiffs' claims because they speak to knowledge, participation, and coordination among enterprise members and will be pleaded with particularity in the proposed Second Amended Complaint.

6. We are in the process of ingesting, authenticating, and reviewing the chat exports. We are coordinating with the CI regarding additional chats the CI represents are available. The size (~5,000 logs) and mixed-platform formats make this review technically demanding and non-trivial.

7. Based on our initial analysis and our experience in managing data of this nature, we anticipate that approximately 35 days are reasonably necessary to complete intake, de-duplication, targeted review, and to draft and integrate factual allegations from these chats into a Second Amended Complaint. Consistent with the omnibus motion's request for a 35-day deadline to file the SAC, we respectfully ask the Court to set an outside date of 35 days, which provides a limited, necessary buffer for (i) any additional CI chat productions, and (ii) sealed/in camera submissions regarding the CI, if required. This schedule is reasonable and tailored to the specific tasks at hand.

8. Given the sensitivity of these matters—including the need to protect the CI's identity and maintain chain of custody—I can provide additional specifics to the Court in camera and under seal, should the Court so order.

9. The forthcoming SAC will not withdraw or alter Plaintiffs' existing causes of action; rather, Plaintiffs expect to add approximately 40–50 paragraphs of additional factual allegations derived from the CI chats and, based on those facts, one to two additional causes of action. These additions will materially buttress the RICO claims and other existing claims by supplying further particulars and overt acts consistent with 18 U.S.C. § 1962(c)–(d).

10. The chats, together with existing record allegations, will also provide additional jurisdictional and venue facts demonstrating that substantial parts of the RICO enterprise's operation occurred in this District. In particular, the evidence ties relevant conduct to Solana Labs' New York operations, which the pleadings already identify, and will clarify that communications and acts in furtherance of the scheme occurred here, supporting venue and jurisdiction in the Southern District of New York.

11. Absent leave to amend on the timeline requested, Plaintiffs would be prejudiced by having to litigate dispositive motions against a pleading that does not yet include these material communications. A brief stay and a single, consolidated round of briefing directed at the SAC will avoid moot motion practice and conserve judicial resources, as explained in the memorandum of law.

12. In the interest of narrowing the case, Plaintiffs are evaluating the record in light of the chat materials and anticipate dropping one or more defendants in connection with filing the SAC, consistent with the relief sought in the omnibus motion.

13. Plaintiffs will work promptly with Defendants on a protective order and will produce the chat materials in the ordinary course following imaging and privilege review, subject to appropriate redaction of personally identifiable and CI-identifying information.

14. I make this declaration based on my personal knowledge and on information and belief where indicated, and I understand that it is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on: September 24, 2025.

/s/ Max L. Burwick  
Max Burwick  
43 W 43rd St., Suite 114  
New York, NY 10036  
(646) 762-1080  
max@burwick.law