UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN and MICHAEL OKAFOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, and NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, JITO LABS INC., JITO FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, LILY LIU, LUCAS BRUDER, BRIAN SMITH,<br><br>Defendants. | Case No.: 1:25-cv-00880-CM-BCM |

**BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, AND NOAH BERNHARD HUGO TWEEDALE'S OPPOSITION TO PLAINTIFFS' "OMNIBUS MOTION" FOR (I) LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO MODIFY THE SCHEDULING ORDER; (II) A TEMPORARY <u>STAY OF PROCEEDINGS; AND (III) OTHER RELIEF</u>**

## **PLAINTIFFS' OMNIBUS MOTION SHOULD BE DENIED**

The Omnibus Motion is defective and improper in multiple ways and should be denied.

The Omnibus Motion should be denied because it fails to comply with Local Rule 15(a), which requires that all motions for leave to amend be accompanied by a proposed amended complaint and associated redline. Plaintiffs submitted neither. This noncompliance is dispositive and "reason alone" to deny the motion. *Rowe Plastic Surgery of New Jersey, LLC v. Aetna Health & Life Ins. Co.*, 2025 WL 1004730, at *2 (S.D.N.Y. Apr. 2, 2025). Further without the draft amendment neither Defendants nor the Court can properly consider the issues of futility, good cause or prejudice.

Even if the Court were to overlook this procedural defect, the Omnibus Motion should be denied for lack of diligence and the absence of good cause. Plaintiffs' motion is based entirely on documents they purportedly received from a confidential informant approximately three weeks before filing their motion. Omnibus Mot. at 6. Even if this information is new, Plaintiffs have been in contact with this individual since January 2025. ECF 104 ¶ 4. Plaintiffs provide no explanation as to why they could not have obtained this information earlier. Instead, Plaintiffs waited to seek leave until after reviewing Defendants' motions to dismiss. This approach unnecessarily delays proceedings, prejudices Defendants, and is inconsistent with the Court's guidance that "research should be done before pleadings are filed." ECF 32.

## **CONCLUSION**

For these reasons, the Court should deny the Omnibus Motion and all relief sought by it.

1

Dated: October 8, 2025

Respectfully submitted,

**BROWN RUDNICK LLP**

/s/ Stephen D. Palley
Stephen D. Palley
Daniel L. Sachs
1900 N Street NW, 4th Floor
Washington, DC 20036
(202) 536-1700 (telephone)
spalley@brownrudnick.com
dsachs@brownrudnick.com

Kyle Dorso (*pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8200 (telephone)
kdorso@brownrudnick.com

*Counsel for Baton Corporation*

-and-

/s/ Samson A. Enzer
Samson A. Enzer
Tammy L. Roy
Lauren Perlgut
32 Old Slip
New York, NY 10005
(212) 701-3000
senzer@cahill.com
troy@cahill.com
lperlgut@cahill.com

*Counsel for the Baton Officers*

## WORD COUNT CERTIFICATION

I, Steven D. Palley, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c).  According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 254 words in the document.

*/s/ Stephen D. Palley*

Stephen D. Palley
