**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN and MICHAEL OKAFOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, and LILY LIU<br><br>Defendants. | Case No.: 1:25-cv-00880-CM-BCM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' OMNIBUS MOTION FOR (I) LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO MODIFY THE SCHEDULING ORDER; (II) A TEMPORARY STAY OF <u>PROCEEDINGS; AND (III) OTHER RELIEF</u>**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. ARGUMENT .................................................................................................................................2

    A. Local Rule 15.1 Non-Attachment is Curable; Rule 15(a)(2) Controls ....................2

        1. Non-Attachment Is Not a Per Se Bar; The Court Should Reach the Rule 15 and 16 Analysis ..................................................................................................3

        2. Defendants' "Reason Alone to Deny" Argument Is Unsupported ...............4

        3. Procedural Cures Are Available and Appropriate .........................................4

    B. Rule 16 Good Cause Is Shown Through Plaintiffs' Diligence ................................5

        1. Plaintiffs Acted Diligently Once New Evidence Became Available ..............5

        2. Defendants' Timing Objections Do Not Negate Diligence ............................6

    C. Rule 15 Factors Favor Leave; Defendants Identify No Prejudice .........................7

        1. No Concrete Prejudice Is Identified ..................................................................7

        2. "Ambush" Rhetoric Is Legally Irrelevant Absent Specific Harm ................7

    D. Futility Objections Are Premature and Speculative ................................................8

        1. Defendants' Futility Theories Are Not a Basis to Deny Process ................8

    E. Judicial Economy Favors Conditional Leave ............................................................9

    F. The Ancillary *In Camera* Request Is Separable from Leave to Amend ..................9

III. CONCLUSION AND REQUESTED RELIEF ............................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Cooper v. Trs. of Coll. of Holy Cross*,
    No. 13 CIV. 8064 KPF, 2014 WL 2738545 (S.D.N.Y. June 17, 2014) ................................3, 4

*Dominguez v. Walsh*,
    No. 22-CV-6443 (KMK), 2023 WL 6199861 (S.D.N.Y. Sept. 22, 2023)..............................7, 8

*Foman v. Davis*,
    371 U.S. 182 (1962)..............................................................................................................2, 7

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007).................................................................................................5, 6

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 32 (2d Cir. 2000).......................................................................................................5

*Pettaway v. Nat'l Recovery Sols., LLC*,
    955 F.3d 299 (2d Cir. 2020).....................................................................................................7

*Smith v. Planas*,
    151 F.R.D. 547 (S.D.N.Y. 1993) .............................................................................................4

*Sunwoo v. JPMorgan Chase & Co.*,
    No. 20-CV-5410 (VSB), 2021 WL 2443814 (S.D.N.Y. June 15, 2021)................................3, 4

*Youngbloods v. BMG Music*,
    2011 WL 43510 (S.D.N.Y. Jan. 6, 2011) .........................................................................7, 8, 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Local Rule 15.1 .....................................................................................................................*passim*

I.      PRELIMINARY STATEMENT

This motion is not about delay; it is about diligence. It is not about gamesmanship; it is about ensuring that the case can be evaluated under the Rule 12(b)(6) pleading standard with a more complete and specific pleading. Defendants' opposition attempts to manufacture a narrative of "bad faith" and "ambush" (ECF No. 110 at 4, 7) out of Plaintiffs' prompt efforts to obtain and incorporate more than 5,000 newly available, highly material chat logs. This evidence, provided by a Confidential Informant ("CI") who had been inaccessible for months, directly details (at least) technical coordination between Solana Labs engineers and the Pump.fun team. Plaintiffs' request for a modest, 35-day period to process this data is a measured response to a significant evidentiary development, not a tactical maneuver.

Defendants first argue that Plaintiffs' inability to instantaneously retrieve and process thousands of documents required to attach a proposed Second Amended Complaint ("SAC") is "dispositive" and "reason alone" to deny the motion. (ECF No. 109 at 1). It was, and remains, logistically impossible to file a redlined pleading until this voluminous dataset is completely obtained and properly processed. Plaintiffs took the most diligent path available: promptly notifying the Court and opposing counsel, clearly articulating the scope of the proposed amendments (approx. 40-50 factual paragraphs and 1-2 tailored claims), and proposing a concrete cure. (ECF No. 102 at 5). Non-compliance with Local Rule 15.1 is, at worst, a curable procedural defect, not a substantive bar, particularly when the basis for amendment is clear and prejudice is absent.

Second, Defendants' contention that Plaintiffs delayed filing to gain a "tactical advantage" by previewing the Motions to Dismiss ("MTDs") (ECF No. 110 at 6–7) is incorrect. The timeline

1

reflects necessary assessment, not gamesmanship. The brief period between the receipt of the first tranche of the voluminous logs and the filing of this motion was essential to triage the data and confirm its materiality before presenting any motion to the Court. Far from seeking to exploit the MTD process, Plaintiffs moved promptly to *avoid* wasting the Court's and the parties' resources on briefing motions directed at a potentially mooted pleading. Plaintiffs moved at the earliest practicable moment to apprise the Court that the basis for their claims is rapidly expanding. At minimum, if the Court finds the current pleading insufficient and is inclined to grant the pending motions to dismiss, in whole or in part, it should do so with leave to amend to consider a refined pleading.

The Blockchain Defendants' reliance on the Court's prior statement that "research should be done before pleadings are filed" (ECF No. 110 at 1) is not appropriate. That ruling addressed a request for a 90-day extension before the first amended complaint. (ECF No. 32 at 2). This motion, by contrast, is based on specific, material evidence that only became available after the prior pleading was filed.

We are at the earliest stage of litigation. No discovery has commenced. This case is far removed from the nineteen-month delays or blatant forum-shopping present in the cases Defendants cite to allege bad faith. (ECF No. 110 at 6–7). In the absence of any of the factors noted in *Foman v. Davis*, 371 U.S. 182 (1962), the mandate of Rule 15(a)(2) should control: leave should be freely given to allow the claims to be tested on a complete record.

## II. ARGUMENT

### A. Local Rule 15.1 Non-Attachment is Curable; Rule 15(a)(2) Controls

Defendants argue that Plaintiffs' inability to attach the proposed SAC is "dispositive" and "reason alone" to deny the motion under Local Rule 15.1. (ECF No. 109 at 1; ECF No. 110 at 4–

5). That is wrong given the facts of this case. Compliance with Local Rule 15.1 is presently impossible because the newly produced chat logs are still being obtained and processed. Plaintiffs filed this motion at the earliest practicable time to demonstrate diligence and present the Court with an opportunity to consider a more complete picture of the RICO enterprise. Local Rule 15.1 non-attachment is a curable procedural lapse. Courts either excuse it when the basis for amendment is clear or, alternatively, deny without prejudice and allow prompt refiling with the missing exhibits. *See Sunwoo v. JPMorgan Chase & Co.*, No. 20-CV-5410 (VSB), 2021 WL 2443814, at *6–7 (S.D.N.Y. June 15, 2021).

1. **Non-Attachment Is Not a Per Se Bar; The Court Should Reach the Rule 15 and 16 Analysis**

Courts in this District routinely exercise discretion to excuse or cure a failure to attach a proposed pleading under Local Rule 15.1, focusing instead on the substantive requirements of Federal Rules 15 and 16. The controlling principle is that non-attachment is a curable, non-fatal defect. *See Cooper v. Trs. of Coll. of Holy Cross*, No. 13 CIV. 8064 KPF, 2014 WL 2738545, at *10 (S.D.N.Y. June 17, 2014) (excusing a represented plaintiff's failure to attach a proposed amended complaint because the defect is "not fatal where there is no undue prejudice to defendant" and the motion papers "outlined the nature of the proposed amendment," providing sufficient notice); *see also Sunwoo*, 2021 WL 2443814, at *6. ("Leave to amend may thus be granted notwithstanding a movant's failure to attach a proposed amended complaint if the movant provides the basis for the proposed amendments").

Here, Plaintiffs' motion papers clearly articulate the basis and scope of the proposed amendments. The SAC will incorporate newly available evidence detailing technical coordination between Solana Labs engineers and the Pump.fun team. (ECF No. 103 at 7–9). Plaintiffs specified the amendments will add approximately 40-50 paragraphs of factual matter and potentially 1-2

3

tailored causes of action (e.g., Lanham Act/Right of Publicity) (*Id.* at 9). To reiterate, the only reason for Plaintiffs' non-compliance with Local Rule 15.1 is that to do so would be impossible. In the spirit of diligence, Plaintiffs moved swiftly to make the Court and Defendants aware of new evidence as it is being received.

### 2. Defendants' "Reason Alone to Deny" Argument Is Unsupported

Defendants' insistence that non-attachment is dispositive ignores the discretionary nature of the Local Rules and the Court's focus on the substantive factors under the Federal Rules. Where the nature of the amendment is clear and a concrete cure is proposed, the procedural defect is not fatal. *See Cooper*, 2014 WL 2738545, at *10-11 (finding the defect "not fatal" and excusing the failure to attach a proposed pleading where the plaintiff's memorandum "outlined the nature of the proposed amendment" and the defendants could not demonstrate undue prejudice).

### 3. Procedural Cures Are Available and Appropriate

When a proposed complaint does not accompany the motion, the Court has several options short of outright denial. It may grant conditional leave subject to a filing deadline, "hold the motion in abeyance pending the filing of that proposed complaint," or "deny the motion without prejudice." *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993). For example, in *Sunwoo*, the court denied without prejudice and gave 30 days to refile with a proposed amended complaint and a short statement explaining how the amendments address the deficiencies. 2021 WL 2443814, at *13.

Plaintiffs have proposed a concrete, 35-day cure period necessary to process the voluminous new data and file the clean and redlined SAC. (ECF No. 103 at 14–15). The Court can grant conditional leave with the requested filing deadline or, alternatively, to hold the motion

4

in abeyance for the same period. Alternatively, the Court can wait and grant leave to amend if it grants Defendants' currently pending MTDs, in whole or in part.

### B. Rule 16 Good Cause Is Shown Through Plaintiffs' Diligence

Because Plaintiffs seek to modify the scheduling order, they must demonstrate "good cause" under Rule 16(b)(4). The "primary consideration" is the "diligence of the moving party." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007); *See also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiffs have met this standard.

#### 1. Plaintiffs Acted Diligently Once New Evidence Became Available

Diligence is measured from the time the party knew or should have known the information forming the basis for the amendment. *See Parker*, 204 F.3d at 340. The Blockchain Defendants argue Plaintiffs lacked diligence because counsel has known the Confidential Informant since January 2025 and failed to explain why the logs could not have been provided earlier. (ECF No. 110 at 6). This mischaracterizes the record.

The critical issue is when the evidence became available, not when counsel first contacted the CI. Plaintiffs explicitly stated that the CI "re-contacted us after having been unavailable for several months" approximately three weeks before the motion was filed, and only then alerted us to this new cache of evidence. (ECF No. 103 at 6). This specific dataset "was not available when the [Consolidated Amended Complaint (the "CAC")] was filed." (*Id*.). Plaintiffs cannot be faulted for failing to amend based on evidence that was both unknown to them and inaccessible.

Upon receiving this dataset, counsel acted promptly. Plaintiffs immediately began triaging the materials and moved to inform the Court, outlining the concrete steps required to process the information. (ECF No. 103 at 7).

5

## 2. Defendants' Timing Objections Do Not Negate Diligence

Defendants suggest bad faith because Plaintiffs were aware of the Chat Logs before the MTDs were filed on September 5, yet delayed filing this motion until September 24, allegedly to gain a "tactical advantage" by previewing the MTDs. (ECF No. 110 at 6–7). However, the timeline reflects necessary assessment, not gamesmanship. Receiving the first tranche of these logs required counsel to conduct an initial review to ascertain their materiality before burdening the Court with a motion to amend. The time between receipt of the logs and the filing of the motion was minimal and reasonably necessary to preliminarily assess the evidence. This necessary assessment period does not constitute a lack of diligence or bad faith. Plaintiffs are still diligently working to secure the remaining tranches of logs. As of this filing, acquisition of the remaining tranches is still ongoing.

Furthermore, Defendants' reliance on the Court's prior statement that "research should be done before pleadings are filed" (ECF No. 110 at 1) is misplaced. That statement addressed a request for a 90-day extension for general research before filing the initial amended complaint. (ECF No. 32 at 2). It does not foreclose amendment based on specific, material evidence that only became available later. Rule 16(b)(4) exists precisely to allow schedule modifications when new facts emerge despite a party's diligence. *Kassner*, 496 F.3d at 244.

The Blockchain Defendants rely on four cases that do not fit the facts of this specific case. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) was post-judgment and turned on a nineteen-month delay after the movant was first told of a legal defect—far from our early-stage, prompt motion with a detailed proffer and a concrete cure. *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1059–60 (N.D. Cal. 2015), is an out-of-circuit forum-shopping case involving an oral amendment request concurrent with parallel

state filing and claim-dropping to avoid arbitration—again, not the posture here. By contrast, *Youngbloods v. BMG Music*, 2011 WL 43510, at 9–12 (S.D.N.Y. Jan. 6, 2011) and *Dominguez v. Walsh*, 2023 WL 6199861, at *3–5 (S.D.N.Y. Sept. 22, 2023) (granting leave to amend where no discovery had occurred, finding that "mere delay, absent bad faith or undue prejudice, does not provide a basis to deny amendment."), confirm that mere delay is insufficient and that courts prefer amendment at this stage absent concrete prejudice, allowing issues to be tested against the operative amended pleading.

### C. Rule 15 Factors Favor Leave; Defendants Identify No Prejudice

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." This mandate is to be heeded absent a justifying reason such as undue delay, bad faith, futility, or, "most important," resulting prejudice to the opposing party. *Foman*, 371 U.S. at 182.

#### 1. No Concrete Prejudice Is Identified

Defendants fail to identify any concrete prejudice. No discovery has begun. No depositions taken. A short, defined window does not impose case-specific harm. Courts grant leave in materially further-along cases and stress that mere delay, absent bad faith or concrete prejudice, is not a basis to deny amendment. *See Dominguez v. Walsh,* No. 22-CV-6443 (KMK), 2023 WL 6199861, at *2-4 (S.D.N.Y. Sept. 22, 2023) (no undue prejudice early; mere delay insufficient); *see also Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (amended pleading can moot prior motion practice).

#### 2. "Ambush" Rhetoric Is Legally Irrelevant Absent Specific Harm

Labeling a motion an "ambush" does not establish prejudice. The opponent bears the burden to show concrete, case-specific harm; timing alone is not bad faith. *See Dominguez*, 2023

7

WL 6199861, at *4–6; *see also Youngbloods*, 2011 WL 43510, at *8–*9 (bad-faith denials are narrow; focus is prejudice).

### D. Futility Objections Are Premature and Speculative

Defendants argue the amendment is futile, yet simultaneously contend that because no proposed pleading is attached, it is "impossible to assess" whether the amendment could cure the defects. (ECF No. 110 at 8). Plaintiffs recognize that this is a unique situation but are flatly doing their best in the circumstance to present the Court with an opportunity to consider a more detailed pleading.

#### 1. Defendants' Futility Theories Are Not a Basis to Deny Process

Plaintiffs have sufficiently described how the amendments will strengthen the claims. The new chat logs evidence "hands-on technical involvement" by Solana Labs engineers in the Pump.fun launch flow, which directly bolsters the "operation or management" element of the RICO claims, strengthens the pattern allegations by evidencing cross-entity collaboration, and reinforces venue and jurisdiction. (ECF No. 103 at 8).

Defendants' contention that providing technical support cannot satisfy RICO's requirements (ECF No. 110 at 9) is an argument that should be addressed on a more complete pleading, not through speculation about what such a pleading might look like when filed. Furthermore, the Blockchain Defendants' suggestion that Plaintiffs' intent to review the Chat Logs before dropping defendants raises Rule 11 concerns (*id*. at 8) is meritless. It is entirely appropriate for Plaintiffs to review new evidence clarifying the roles within the enterprise to streamline the case. Plaintiffs' acknowledgment of this reality is a sign of good faith evaluation of the evidence.

### E. Judicial Economy Favors Conditional Leave

Granting conditional leave promotes judicial economy. An SAC, if allowed, would supersede the current pleading. (ECF No. 103 at 13–14). Consequently, the pending MTDs directed at the CAC may be rendered moot. Proceeding with full briefing on motions directed at a potentially superseded pleading would be an inefficient use of the Court's and the parties' resources. The *Sunwoo* template, a brief window to file the proposed pleading and a succinct statement of how it addresses the issues, minimizes duplicative briefing and channels disputes to the operative complaint. 2021 WL 2443814, at *13.

Defendants' current complaints about wasted effort ring hollow. After Plaintiffs filed the pending motion to amend, certain Defendants chose to file reply briefs supporting their MTDs despite knowing that Plaintiffs sought to file an SAC that could supersede the CAC. They could have consented to amendment or requested a brief stay to avoid duplicative briefing. Instead, they pressed forward. Having made that strategic choice, Defendants cannot now claim prejudice from the very briefing they elected to complete.

### F. The Ancillary *In Camera* Request Is Separable from Leave to Amend

Plaintiffs' request for the ability to submit a limited, supplemental declaration *in camera* regarding the CI, should the Court require it, is narrowly tailored to protect the informant's safety and preserve remaining evidence retrieval. (ECF No. 103 at 15–16). This ancillary request is separable from the primary relief sought under Rules 15 and 16 and does not impede the Court's ability to grant leave to amend.

### III. CONCLUSION AND REQUESTED RELIEF

Plaintiffs have demonstrated diligence and good cause under Rule 16, and the factors under Rule 15 favor granting leave to amend. To the extent there is a procedural defect under Local Rule

9

15.1, Plaintiffs' can cure and cause no prejudice. Accordingly, the Court should grant conditional leave to file the SAC within 35 days. Alternatively, the Court should employ an equivalent cure by holding the motion in abeyance or deny without prejudice to allow for refiling within 35 days in compliance with Local Civ. R. 15.1 or wait until ruling on the MTDs and granting the motion to amend if the MTDs are granted, in whole or in part.

Dated: October 15, 2025  
New York, New York

Respectfully submitted,

**BURWICK LAW, PLLC**
By: /s/ *Max Burwick*
Max Burwick
43 West 43rd Street, Ste. 114
New York, NY 10036
maxb@burwick.law

*Co-Lead Counsel for Plaintiffs*
*and the Proposed Class*

## WORD COUNT CERTIFICATION

I, Max Burwick, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c). According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 2,755 words in the document.

/s/ *Max Burwick*
Max Burwick