UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN and MICHAEL OKAFOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, LILY LIU, LUCAS BRUDER, and BRIAN SMITH<br><br>Defendants. | Case No.: 1:25-cv-00880-CM-BCM<br><br>Hon. Colleen McMahon<br><br>12/11/2025<br>OK – but no further extensions allowed<br>[signed] |

### DECLARATION OF MAX BURWICK IN SUPPORT OF PLAINTIFFS' LETTER MOTION FOR EXTENSION OF TIME TO FILE THE SECOND AMENDED COMPLAINT

I, Max Burwick, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and am counsel for all Plaintiffs in the above-captioned action. I make this declaration based on my personal knowledge in support of Plaintiffs' letter Motion to Modify Decision and Order Granting Plaintiffs Leave to File a Second Amended Complaint (ECF No. 116) (the "Order").

2. The procedural history of this case, including the dates of filing for the Consolidated Amended Complaint and the four pending motions to dismiss, is accurately set forth in the Background section of the Memorandum of Law in Support of Plaintiffs' Omnibus Motion for Leave to Amend and Other Relief (ECF No. 103).

3. On or about January 15, 2025, a confidential informant ("CI") first contacted me and provided preliminary information that Plaintiffs, in good faith, incorporated into the Consolidated Amended Complaint. On or about the first week of September 2025, the same CI alerted my law firm to nearly 5,000 internal chat logs (Telegram/Discord-style exports) involving members of the Pump.fun team and third parties. The CI then produced those chats to us. This dataset was not available when Plaintiffs' Consolidated Amended Complaint (the "CAC") was filed and bears directly on several issues in this case.

4. Our preliminary review showed multiple direct communications in which individuals identifying themselves as Solana Labs engineers exchanged messages with Pump.fun engineers and provided technical guidance concerning integration of key software components used in Pump.fun's launch flow (including Solana-level program functionality and priority-routing mechanics). These communications are material to Plaintiffs' claims because they speak to knowledge, participation, and coordination among enterprise members and will be pleaded with particularity in the Second Amended Complaint.

5. Since early September 2025, my firm has been in the process of ingesting, authenticating, and reviewing the chat exports. We also coordinated with the CI regarding additional chats the CI represented were available. The size (-5,000 logs) and mixed-platform formats make this review technically demanding and non-trivial.

6. While my declaration filed on September 24, 2025 (ECF No. 104), stated that "[b]ased on our initial analysis and our experience in managing data of this nature, we anticipate that approximately 35 days are reasonably necessary to complete intake, de-duplication, targeted review, and to draft and integrate factual allegations from these chats into a Second Amended Complaint", by the time Plaintiffs filed their Reply Memorandum of Law in Further Support of Plaintiffs' Omnibus Motion for (i) Leave to File a Second Amended Complaint and to Modify

2

the Scheduling Order; (ii) a Temporary Stay of Proceedings; and (iii) other relief (ECF No. 115) filed that same day, Plaintiffs informed the Court they had received the "first tranche" of documents from the CI, and were still "diligently working to secure the remaining tranches of logs. As of this filing, acquisition of the remaining tranches is still ongoing." (ECF 115 at 6.) In fact, Plaintiffs' counsel did not receive the remaining tranches of documents, consisting of approximately 10,000+ chats and hundreds of thousands of communications, until October 21, 2025. More time is needed to process this information.

7. Additionally, due to the holiday season now upon us, and related staff vacation schedules, finalizing the document review by December 19, 2025, will be extremely difficult. Accordingly, Plaintiffs ask the Court to slightly modify its Order to permit Plaintiffs to file their Second Amended Complaint by January 7, 2026, a short extension given the period encompasses the Christmas, Hanukkah (starting December 14) and New Year holidays.

8. I make this declaration based on my personal knowledge and on information and belief where indicated, and I understand that it is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated: December 10, 2025
New York, New York

Respectfully submitted,

**BURWICK LAW, PLLC**
*/s/ Max Burwick*
Max Burwick
1 World Trade Center, *84th Fl.*
New York, NY 10007
(646) 762-1080
max@burwick.law

*Co-Lead Counsel for Plaintiffs
and the Proposed Class*

3