**BURWICK LAW PLLC**  ||  **WOLF POPPER LLP**

December 10, 2025

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**VIA ECF**

Re:  *Aguilar, et al. v. Baton Corporation Ltd. d/b/a Pump.Fun, et al.*,
No. 1:25-cv-00880-CM (S.D.N.Y.)

Dear Judge McMahon:

We represent Lead Plaintiff Michael Okafor and Plaintiffs Diego Aguilar and Kendall Carnahan (collectively, "Plaintiffs") in the above captioned matter. Pursuant to Southern District of New York Local Rule 7.1(e) and Your Honor's Individual Practices and Procedures (rev. Mar. 24, 2025), we respectfully make this Letter Motion to request a modest extension of the deadline for filing the Second Amended Complaint from December 19, 2025 to January 7, 2026.

### I.   ORIGINAL DEADLINE SOUGHT TO BE EXTENDED

The Court's Decision and Order Granting Plaintiffs Leave to File a Second Amended Complaint (ECF No. 116, filed December 9, 2025) requires Plaintiffs to file their Second Amended Complaint by December 19, 2025.

### II.  NUMBER OF PREVIOUS REQUESTS

This is Plaintiffs' first request for an extension of this deadline. No previous requests for adjournment or extension of the Second Amended Complaint filing deadline have been made or granted.

### III. PROPOSED RELIEF

Plaintiffs respectfully request that the Court modify the scheduling order to extend the Second Amended Complaint deadline from December 19, 2025 to January 7, 2026—a brief extension of 19 days. Correspondingly, Plaintiffs propose that the briefing schedule for motions to dismiss be advanced by the same period: Defendants' motions to dismiss would be due on February 13, 2026 (instead of January 23, 2026); Plaintiffs' oppositions would be due on March 4, 2026 (instead of February 13, 2026); and Defendants' replies would be due on March 11, 2026 (instead of February 20, 2026).

Honorable Colleen McMahon
December 10, 2025
2

### IV. DEFENDANTS' POSITION ON THE EXTENSION

Plaintiffs conferred with counsel for Defendants on December 9, 2025 regarding this requested extension. Defendants Baton Corporation Ltd. d/b/a Pump.fun, Alon Cohen, Dylan Kerler, and Noah Bernard Hugo Tweedale (the "Baton Defendants"), as well as Defendants Solana Labs, Inc., Solana Foundation, Dan Albert, and Austin Federa (the "Solana Defendants") have informed Plaintiffs' counsel that they do not consent to, but will not oppose, this Letter Motion.

A proposed Revised Scheduling Dates reflecting the modified deadlines is attached as Exhibit A.

### V. STATEMENT OF FACTS AND GOOD CAUSE

#### A. Timeline of Document Production and Review

While Plaintiffs filed the motion for leave to amend on September 24, 2025 (ECF No. 102), the voluminous materials supporting that motion were not received until well after that filing date—a critical fact that the Court should understand in assessing the current need for a modest extension.

Specifically, in early September 2025, a confidential informant ("CI") alerted Plaintiffs' law firm to nearly 5,000 internal chat logs (Telegram/Discord-style exports) involving members of the Pump.fun team and third parties. The CI then produced the first tranche of those chats to Plaintiffs' counsel. *See* Declaration of Max Burwick in Support of Plaintiffs' Letter Motion for Extension of Time to File the Second Amended Complaint ("Burwick Decl."), at 3, submitted herewith. This initial dataset was not available when Plaintiffs' Consolidated Amended Complaint was filed and bears directly on several issues in this case. Plaintiffs' preliminary review of the first tranche showed multiple direct communications in which individuals identifying themselves as Solana Labs engineers exchanged messages with Pump.fun engineers and provided technical guidance concerning integration of key software components used in Pump.fun's launch flow. *See* Burwick Decl. 4. These communications are material to Plaintiffs' claims because they speak to knowledge, participation, and coordination among enterprise members.

Since early September 2025, Plaintiffs' firm has been in the process of ingesting, authenticating, and reviewing the first tranche of chat exports. *See* Burwick Decl. 5. The size (approximately 5,000 logs) and mixed-platform formats made this review technically demanding and non-trivial. On September 24, 2025, counsel submitted a declaration stating that approximately 35 days were reasonably necessary to complete intake, de-duplication, targeted review, and to draft and integrate factual allegations from these chats into a Second Amended Complaint. *See* Burwick Decl. 6. At that time, Plaintiffs informed the Court they had received the first tranche of documents from the CI and were actively coordinating with the CI regarding additional tranches of chats the CI represented were available. *Id.* However, Plaintiffs' counsel did not receive the second tranche of documents, consisting of approximately 10,000+ chats and

2

Honorable Colleen McMahon
December 10, 2025
3

hundreds of thousands of communications, until October 21, 2025.[1] *Id.* This substantial volume of additional material requires more time to process and integrate into the proposed Second Amended Complaint. Plaintiffs have been diligently reviewing these materials since October 21, 2025 in order to incorporate them meaningfully into the Second Amended Complaint. *See* Burwick Decl. 5.

      B.      <u>Holiday Season Complications and Staff Availability</u>

Beyond the sheer volume and technical complexity of the materials, Plaintiffs face a significant practical barrier to meeting the December 19, 2025 deadline: the holiday season.

The December 19, 2025 deadline falls during a period when many law firm personnel observe religious and personal holidays. *See* Burwick Decl. 7. Hanukkah commences on December 14, 2025, extending through December 22, 2025, and Christmas follows in close succession. *Id.* Members of Plaintiffs' litigation team, including key personnel responsible for document review and drafting, have made prior commitments to observe these holidays with their families and communities. *Id.* Given the timing, Plaintiffs respectfully note that the convergence of these observances may create certain gaps in staffing availability at Plaintiffs' counsel's office during this critical completion period.

      C.      <u>Reasonableness of the Requested Extension</u>

Plaintiffs' request for an extension to January 7, 2026 is modest and reasonable. The extension adds 19 days to the original deadline and reflects the time reasonably necessary to complete a thorough and competent review of the materials, particularly in light of the holiday season constraints.[2]

An extension of this modest scope will not prejudice Defendants. No discovery has commenced. No depositions have been scheduled or taken. The case remains at an early stage. Defendants will retain adequate time to review the Second Amended Complaint, prepare, and file their motions to dismiss under the revised briefing schedule. Indeed, none of the Defendants oppose the modest extension. The proposed modified schedule maintains proportionality and ensures that all parties have sufficient time for meaningful case development.

Moreover, as this Court noted in ECF No. 116, the early stage of this litigation and the absence of discovery mean that an orderly, deliberate amendment process now—rather than a rushed filing followed by later piecemeal amendments—will promote judicial economy.

---

[1] As documented by shipping records (UPS tracking slips), the documents were transported from abroad and did not arrive in Burwick Law's offices until that date.

[2] In Plaintiffs' underlying motion for leave to amend (ECF No. 102), Plaintiffs requested that the Court set the deadline for filing the Second Amended Complaint at thirty-five (35) days from the date of the Court's Order. The Court set a deadline of December 19, 2025—approximately ten (10) days from the issuance of ECF No. 116.

Honorable Colleen McMahon
December 10, 2025
4

Providing Plaintiffs with a reasonable extension to file a complete, well-drafted Second Amended Complaint serves the interests of both the parties and the Court.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court modify its Decision and Order (ECF No. 116) to extend the deadline for filing the Second Amended Complaint to January 7, 2026, and to advance the corresponding briefing schedule by the same period, as reflected in the Proposed Revised Scheduling Dates chart attached as Exhibit A.

Respectfully submitted,

**WOLF POPPER LLP**
/s/ Chet B. Waldman
Chet B. Waldman
Terrence Zhang
845 3rd Avenue – 12th Floor
New York, NY 10022
212-759-4600
cwaldman@wolfpopper.com
tzhang@wolfpopper.com

**BURWICK LAW, PLLC**
/s/ Max Burwick
Max Burwick
1 World Trade Center, *84th Fl.*
New York, NY 10007
(646) 762-1080
max@burwick.law

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

Enclosure

cc: All Counsel of Record (via ECF)

4

Honorable Colleen McMahon
December 10, 2025
5

# EXHIBIT A

## PROPOSED REVISED SCHEDULING DATES

| Event | Original Deadline (ECF No. 116) | Revised Deadline |
|---|---|---|
| Second Amended Complaint | December 19, 2025 | January 7, 2026 |
| Motions to Dismiss | January 23, 2026 | February 13, 2026 |
| Oppositions to Motions to Dismiss | February 13, 2026 | March 4, 2026 |
| Replies to Motions to Dismiss | February 20, 2026 | March 11, 2026 |