# BURWICK LAW
*1 World Trade Center, 84th Fl.
New York, NY 10007*

December 22, 2025

**VIA ECF**
Honorable Colleen McMahon
Senior United States District Judge
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

**Re:** *Aguilar v. Baton Corp. Ltd., et al.*; Cause No. 1-25-cv-880-CM-BCM
**Plaintiffs' Notice of Defendant Misconduct**

Dear Judge McMahon:

    Plaintiffs respectfully submit this notice to inform the Court of a pattern of retaliatory and intimidatory conduct by Defendants, Baton Corp. Ltd., d/b/a Pump.fun, Alon Cohen, and/or persons acting at their direction or in concert with them. This conduct, now occurring for the second time, appears designed to harass Plaintiffs and counsel and to chill participation in this litigation—a concern of particular gravity in a putative class action.

    Plaintiffs have contacted defense counsel demanding voluntary cessation, mitigation, and preservation of evidence. Plaintiffs submit this notice solely to ensure the Court is aware of conduct that may impact the integrity of these proceedings and to preserve Plaintiffs' rights to seek appropriate relief should the misconduct continue.

**I.   Current Misconduct**

    Since on or about December 15, 2025, Plaintiffs' counsel has identified and documented the following acts of misconduct:

**Retaliatory Targeting of Plaintiffs:** Use of Plaintiff names and photographs to create and promote meme coins, including a coin targeting a client's business, Sooner Payments. By converting a client's business identity into a speculative meme coin, Defendants have subjected that client to reputational harm, public ridicule, and false association with unregulated digital assets—a clear signal to absent class members of the consequences of participation in this litigation.

**Misappropriation of Firm Branding:** Repeated unauthorized use of Plaintiffs' counsel's firm name and logo in connection with meme coins launched on the Pump.fun platform, creating false impressions of affiliation and causing reputational harm.

[Handwritten annotations in margin:]
1/5/2026 I think this call for a conference. Indeed, the call for a conference at which a knowledgeable representative of the Corp Defendant Baton Corp. d/b/a Pump.fun will be placed under oath and examined by me about the matter described in this letter. The conference will be held on January 13 at 10 AM at the courthouse in the Moynihan Courthouse. Counsel will be directed to appear or be treated as in contempt.

[Stamp:] USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 1/5/2026

**Harassment of Counsel:** Use of the firm's managing partner's name and likeness in a harassing, disparaging, and threatening manner in connection with this litigation, including meme coins bearing his image and name.

**Threats of Violence Against Counsel:** Explicit threats of sexual violence directed at the firm's managing partner in connection with this litigation. As reflected in the attached exhibit, an account officially affiliated with Defendant Pump.fun, operating under the handle "@onchainrapist", responded to one of counsel's public posts with a direct threat: "I'm going to rape you Max".[1] This is not hyperbole or internet vulgarity—it is a targeted threat of violence, by one of Pump.fun's affiliates, against an attorney for the act of representing plaintiffs in federal proceedings.

Defendants' conduct is not mere criticism of litigation. It is identity-based misuse designed to impose reputational harm, create confusion about affiliation, and likely pressure Plaintiffs and putative class members to disengage from these proceedings.

## II. Prior Misconduct and Pattern of Escalation

This is the second episode of materially similar conduct. In January 2025, Plaintiffs documented an earlier episode in a written report to the New York State Bar Association. In that first incident, Plaintiffs reported that after counsel initiated this meme coin-related class action, the Pump.fun platform launched and promoted tokens that:

(i) misappropriated the firm's name, logo, and other brand assets;
(ii) used an attorney's image in a harassing and disparaging manner; and
(iii) named a client and published the client's business phone number, which the client reported resulted in numerous spam calls.

Despite promptly notifying defense counsel of this conduct, Pump.fun failed to remove much of it and instead featured certain tokens prominently on its homepage, amplifying the harm.

Defendants' prior harassment campaign was not limited to counsel and Plaintiffs. Meme coins and intimidating content also targeted counsel's mother and disabled sister—private individuals with no connection to this litigation. This conduct served no purpose other than to terrorize and intimidate, and it necessitated the filing of police reports to ensure the safety of family members.

The recurrence of the same categories of misconduct—again involving firm and attorney identity misuse and client-targeted token activity—demonstrates that the present conduct is part of an ongoing pattern of intimidation and retaliation.

## III. Basis for Notice and Steps Taken

Plaintiffs provide this notice because the described conduct has a foreseeable chilling

---

[1] @onchainrapist is an officially designated affiliate of Pump.fun, as evidenced by the affiliate badge issued by Twitter on behalf of Pump.fun and visible on the account.

2

effect on this litigation. It can deter named Plaintiffs, witnesses, and absent class members from participating or communicating with counsel, and it risks undermining the orderly administration of justice by injecting intimidation and retaliation into the proceedings. When counsel cannot represent clients without facing threats of rape by Defendants or their affiliates, the integrity of the adversarial process itself is at stake.

Plaintiffs have contacted defense counsel and demanded that Defendants: (1) cease and desist from the identity misappropriation and client-targeting conduct; (2) take reasonable steps to mitigate and remove the offending content to the extent within their possession, custody, or control; and (3) preserve all documents and electronically stored information relating to this conduct, including token-creation materials, promotional content, account identifiers, removal logs and related communications.

### IV.   Exhibits and Reservation of Rights

Attached as Exhibits A and B are examples of the current and prior incidents of misconduct by Defendants. Attached as Exhibit C, is the January 2025 written report to the New York State Bar Association, documenting the prior misconduct. Should Defendants fail to cease this conduct, or should preservation concerns arise, Plaintiffs will make a subsequent application to this Court for appropriate relief, and respectfully reserve all rights.

Plaintiffs thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Max Burwick*
Max Burwick, Esq.
**BURWICK LAW, PLLC**
1 World Trade Center, 84th Fl.
New York, NY 10007
(646) 762-1080
max@burwick.law

*Co-Lead Counsel for Plaintiffs*


cc:   All counsel of record (via ECF)