# brownrudnick

STEPHEN D. PALLEY
SPalley@brownrudnick.com

January 7, 2026

**VIA ECF**
Honorable Colleen McMahon
Senior United States District Judge, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

**RE:** *Aguilar v. Baton Corp., Ltd., et al.* **1:25-cv-00880-CM-BCM (S.D.N.Y.)**

Dear Judge McMahon,

We write on behalf of the Baton Defendants—Baton Corporation Limited d/b/a Pump.fun ("Baton"),[1] as well as Baton officers Alon Cohen, Dylan Kerler and Noah Tweedale (collectively, the "Baton Defendants")—to update the Court regarding the concerns raised in the Court's Order of January 5, 2026 (ECF No. 123) and to correct the record with respect to allegations in Plaintiffs' counsel's recent Notice to the Court (ECF No. 120) that prompted those concerns.

As shown below and in the accompanying Declaration from Baton's General Counsel, Alexander Golubitsky, the Baton Defendants have taken appropriate steps to address the Court's concerns, and Plaintiffs' counsel's allegations blaming the Baton Defendants for the issues that gave rise to those concerns are misplaced. While we hope that this submission and Mr. Golubitsky's Declaration will give the Court sufficient comfort to obviate the need for a Court hearing on these issues, Mr. Golubitsky is prepared to appear before the Court and testify under oath on behalf of Baton to address any remaining questions that the Court may have regarding these matters. In the event that the hearing goes forward, the Baton Defendants respectfully request a one-week adjournment of the hearing, to January 20, 2026 (or to a later date that is convenient for the Court) to accommodate counsel's scheduling conflicts.

### I.   Overview of Pump.fun

Pump.fun is a web application that allows users to create and exchange digital tokens on the Solana blockchain. Golubitsky Decl. ¶ 3. Pump.fun users have created billions of tokens, with hundreds of thousands of active monthly users and tens of thousands of new tokens created each day. *Id.* ¶¶ 4–5.

The tokens at issue are created and configured entirely by users on a permissionless system. *Id.* ¶¶ 6-7. Users select the name, ticker, image, and descriptive text, and they alone decide any cultural or topical references associated with a token. *Id.* ¶ 7. Baton does not author tokens, does not vet or approve the attributes users choose, and does not curate token themes. *Id.*

---

[1] For ease of reference, the "d/b/a Pump.fun" designation for Baton Corporation, Ltd. is included here because that is how the Plaintiff styled this matter. Baton Corporation, Ltd. denies that it uses a trade name of Pump.fun.



Consistent with that user-driven design, Baton does not engage in editorial review of token content, except where notified that specific items may violate the published rules described below. *Id.* ¶ 9. As a result, some tokens may include language or imagery that some viewers find objectionable; that material is the product of individual user choices and does not reflect the views or actions of Baton or its officers. *Id.*

## II. Platform Policies and Content Moderation

The tokens that appear on Pump.fun are governed by published rules, including its Terms of Use and Trademark Guidelines. *Id.* ¶¶ 10-14. Those rules make clear that users must either have enforceable rights to any images or intellectual property ("IP") they upload or have obtained the necessary permissions before using them. *Id.* ¶¶ 10. The rules also instruct users that they must not take any action or post, upload, or publish to the platform any abusive, defamatory, dishonest, or obscene message. *Id.* ¶ 14. These are not aspirational statements. They are the operative standards that apply to every token created through the interface.

To ensure those standards are enforceable in practice, Pump.fun provides formal reporting mechanisms for users and rights holders to submit alleged violations of the rules or of their IP rights. *Id.* ¶ 13. This process is designed to surface specific items quickly and to channel them to the team that can act on them. It creates a clear path from identification to resolution and encourages parties to use the most efficient route to removal when appropriate.

Baton also invests in moderation, balancing user speech rights with its legal obligations and the site's terms of service. To that end, a moderation team reviews reports submitted through the platform's formal channels and evaluates each item against the published guidelines. *Id.* ¶ 15. When reported content violates the rules, including the intellectual property provisions or other platform requirements, the team removes the material or disables access to it. *Id.* That is how the system is intended to function.

## III. Status of Tokens Identified in the Notice

The Baton Defendants remain committed to addressing concerns raised by Plaintiffs regarding tokens on Pump.fun and will continue to review and take appropriate action regarding any content that may violate the platform's guidelines, including content identified through formal reporting mechanisms. Id. ¶ 24. The Baton moderation team has applied those standards to the items identified in the Notice and continues to monitor for similar material. These efforts reflect the platform's approach: enforcing published rules against user-generated content and removing items that contravene those rules when identified.[2]

---

[2] The Notice, however, contains several allegations that the Baton Defendants are unable to address due to the lack of specific detail provided. For example, Plaintiffs state that "Pump.fun failed to remove much of" the content identified in Exhibit B to the Notice (from a January 2025 complaint), but do not specifically identify any content that was not removed, or that is requested to be removed. *Id.* ¶ 22. Similarly, Plaintiffs' Notice contends that Pump.fun "featured certain tokens prominently on its homepage, amplifying the harm," but again do not specifically identify any such activity. *Id.* ¶ 23. While tokens may appear on the homepage through the platform's automated system, the Baton Defendants are unaware of any instances in which the tokens Plaintiffs reference were featured or intentionally promoted. *Id.*



Hon. Colleen McMahon
January 7, 2026
Page 3

### a. Tokens Referencing Plaintiffs' Counsel

The Baton Defendants are unaware of any instance in which Mr. Burwick requested that any content be removed from the Pump.fun website through the channels specified in the Pump.fun terms and conditions. *Id.* ¶ 19. Nonetheless, since early 2025 when Plaintiffs raised these concerns in connection with this lawsuit, Baton directed its moderation team to go beyond passive intake and proactively search for, identify, and remove content referencing Plaintiffs' counsel or the firm that violates the platform's guidelines. *Id.* ¶ 16. Baton's moderation team has regularly removed such content even absent user complaints, including much of the content identified on Exhibit A referencing Mr. Burwick. *Id.* ¶ 16, 18.

That said, the removal process takes time to execute, and misspellings or variations of Mr. Burwick's name, such as "Burdwick" or "Burwickkk," can temporarily delay identification and removal of offending content. *Id.* ¶ 17. Notably, more than half of the tokens listed on Exhibit A whose pages contain content referencing Mr. Burwick were less than one day old when flagged, which reflects the responsiveness and effectiveness of Baton's enforcement efforts under the circumstances. *Id.*

### b. Tokens Referencing Kendall Carnahan

With respect to tokens referencing the name of the Plaintiff Kendall Carnahan or his business, Plaintiffs had not previously requested the removal of any content containing such names before filing their Notice with the Court on December 22, 2025. Baton also had no prior knowledge of the name of Mr. Carnahan's business and, therefore, would not have been aware of tokens requiring removal. *Id.* ¶ 20. The Baton moderation team is presently endeavoring to remove all content which references Kendall Carnahan. *Id.* ¶ 21.

### IV. Posts on X.com

To be clear, the Baton Defendants do not condone threats of sexual violence against Mr. Burwick (or anyone, for that matter). However, they have no ability to control the conduct of third parties. Plaintiffs' Notice blames the Baton Defendants for allegedly threatening posts on X.com (f/k/a Twitter.com) published by an X.com user account with the handle "@onchainrapist" ("OCR"). That blame is misplaced. X.com is a third-party social-media platform. The Baton Defendants do not control, endorse, or direct postings by the OCR account or by similar accounts and have no ability to remove or moderate such third-party content on X.com. *Id.* ¶ 34.

Mr. Burwick is an active X.com user who frequently posts about his cases, including this one. In one such instance, after he posted publicly about this case, OCR responded with a post that Mr. Burwick has characterized as threatening. *See* Notice at 2, Ex. A at 2.[3] This interaction occurred in the open forum of X.com and reflects the account reacting to public commentary, not acting at the Baton Defendants' direction.

The operator(s) of OCR is unknown and, to the best of the Baton Defendants' knowledge, the OCR operator(s) is not an employee, agent, or contractor of Baton. Golubitsky

---

[3] While OCR's post is highly distasteful and offensive, it appears intended as misguided humor, consistent with the account's pattern of making crude jokes, including about rape.



Hon. Colleen McMahon
January 7, 2026
Page 4

Decl. ¶¶ 26–27.[4] The OCR account's behavior further confirms its independence. In fact, it has posted hostile content directed at the Baton Defendants themselves, including a December 15, 2025 post featuring a video from the AMC series *Breaking Bad* depicting a character blowing up himself and another character with the caption: "me at the next Solana event when I catch alon", in reference to Baton officer Alon Cohen. *Id.* ¶ 29, Ex. 1. This is not the conduct of an account acting at the Baton Defendants' direction.

Plaintiffs also reference posts from "@storedotfun." As with the OCR account, the operator(s) of the @storedotfun account is unknown. *Id.* ¶ 30. To the best of the Baton Defendants' knowledge, the operator(s) of account "storedotfun" is not an employee, agent, or contractor of Baton, nor is there a contract, revenue sharing, or other economic relationship between Baton and the account or its operator(s). *Id.* ¶¶ 31-32. Finally, based on a review of X.com, that account appears to have been since deleted. *Id.* ¶ 33.

## V.     Conclusion

Mr. Burwick's Notice arises entirely from third-party activity on a high-volume, user-generated platform and on external social-media services. The Baton Defendants have policies and moderation in place, have removed identified items that violate their terms and conditions, and have taken steps to address future occurrences within their control. The Baton Defendants have not directed or promoted the tokens or posts at issue and have not and will not engage in any conduct intended to intimidate any Plaintiff or counsel in this matter. To the contrary, Baton and its officers look forward to defending themselves against the allegations made by the Plaintiffs and Mr. Burwick in this, or an appropriate, venue.

Should the Court determine that it remains necessary to hold a hearing, the Baton Defendants respectfully request a one-week adjournment, to January 20, 2026, or to a later date convenient for the Court, as undersigned counsel for Baton officers Alon Cohen, Dylan Kerler, and Noah Tweedale will be traveling out of the country during the current timeframe.

Respectfully submitted,

/s/ Stephen D. Palley

Stephen D. Palley
Brown Rudnick, LLP
1900 N Street NW, Suite 400
Washington, D.C. 20036

*Counsel for Defendant Baton Corp., Ltd.*

---

[4] Although X.com displayed an "affiliate" label linking the account to Padre Trading Terminal, software acquired by an affiliate of Baton in 2025, to the best of the Baton Defendants' knowledge, there is no contract, revenue sharing, or other economic relationship between Baton and that account or its operator(s). *Id.* ¶27. After Plaintiffs filed the Notice bringing these issues to Baton's attention, Baton requested that X remove the affiliate designation. *Id.* ¶ 28.


Hon. Colleen McMahon
January 7, 2026
Page 5

*/s/ Samson Enzer*

Samson Enzer
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212-701-3125

*Counsel for Defendants Alon Cohen, Dylan Kerler, and Noah Tweedale*