**brown**rudnick

STEPHEN D. PALLEY
SPalley@brownrudnick.com

January 8, 2026

**VIA ECF**
Honorable Colleen McMahon
Senior United States District Judge, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007
**RE:**    *Aguilar v. Baton Corp., Ltd., et al.* **1:25-cv-00880-CM-BCM (S.D.N.Y.)**

Dear Judge McMahon,

We write on behalf of Defendants Baton Corp. Ltd., d/b/a Pump.fun ("Baton"), Alon Cohen, Dylan Kerler, and Noah Tweedale (collectively, the "Baton Defendants") in response to Plaintiffs' January 8, 2026 letter (ECF No. 127) (the "Opposition").

The Baton Defendants have continued to work diligently to address the concerns raised by Plaintiffs that are within the Baton Defendants' control. Plaintiffs' Opposition does not credibly dispute this. To the contrary, Plaintiffs' own statements and exhibits confirm that the Baton Defendants successfully caused the removal of the affiliate badge linking the X.com account "@onchainrapist" to Padre Trading Terminal.

With respect to the newly identified post contained in Exhibit A to the Opposition, it is Plaintiffs who are misleading the Court regarding the Baton Defendants' diligence. The undated screenshot attached as Exhibit A to the Opposition displays a post from a "Parody Account" on X.com with the handle "@TwonXBT," alongside an image of a black and green pill that Plaintiffs assert reflects a Pump.fun affiliate badge. As an initial matter, as shown in Exhibit 1, the authentic Pump.fun affiliate badge is a white and green pill and does not match the badge depicted in Exhibit A. More importantly, Plaintiffs fail to disclose that, even assuming arguendo that the depicted badge was legitimate, it had already been removed from the account by the time Plaintiffs filed their letter. *See* Exhibit 2. This omission creates the false impression that the Baton Defendants failed to disassociate themselves from individuals engaging in the complained-of conduct, when the record demonstrates the opposite.

Moreover, Plaintiffs' assertion that there are "serious questions concerning the representations" made in the sworn declaration of Baton's General Counsel is unsupported by any evidence whatsoever. Such an accusation is serious, particularly when directed at sworn testimony submitted to this Court, yet Plaintiffs offer nothing more than conjecture. Plaintiffs present no facts, no documents, and no testimony that contradict the declaration. There is not a single evidentiary basis in Plaintiffs' submission to support the charge that the declaration was inaccurate or misleading.

The apparent source of Plaintiffs' accusation is an alleged "formal Pump.fun promoter agreement" that purportedly governs "how, when, and what affiliates post on social media platforms." This contention suffers from multiple flaws and internal inconsistencies. First,

**Brown Rudnick LLP** | brownrudnick.com | 1900 N Street NW, Washington, D.C. 20036 | T: 1.202.536.1700 | F: 1.202.536.1701



Hon. Colleen McMahon
January 8, 2026
Page 2

Plaintiffs' suggestion that the Baton Defendants exercise full and total control over affiliates directly contradicts Plaintiffs' own allegations in the Second Amended Complaint filed yesterday. There, Plaintiffs allege that these purported agreements merely required so-called "key opinion leaders" to "make one promotional Twitter thread per week and one post per week 'organically utilizing the pump fun app.'" ECF No. 126 ¶ 203. That description falls far short of complete or total control. More fundamentally, Plaintiffs have failed to present any evidence that such an agreement ever existed between the Baton Defendants and the operator or operators of the previously complained-of X.com accounts, or any evidence that would contradict the sworn testimony of Baton's General Counsel that, to the best of his knowledge, no such agreement exists. *See* ECF No. 125-1 ¶¶ 27, 32.

The Baton Defendants take these accusations seriously and are prepared to address these issues fully at a hearing if the Court believes a hearing is still necessary. As the record already demonstrates, the Baton Defendants have addressed, and will continue to address, the concerns raised by Plaintiffs. There is no imminent threat to the integrity of the proceedings that would preclude a brief one-week extension of a hearing to accommodate defense counsel's scheduling conflicts.

Respectfully submitted,

/s/ Stephen D. Palley

Stephen D. Palley
Brown Rudnick LLP
1900 N Street NW, Suite 400
Washington, D.C. 20036

*Counsel for Defendant Baton Corp., Ltd.*

/s/ Samson Enzer

Samson Enzer
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212-701-3125

*Counsel for Defendants Alon Cohen, Dylan Kerler, and Noah Tweedale*