# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN and MICHAEL OKAFOR on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, LILY LIU, and LEAD KOL DOES 1–25.<br><br>　　　　Defendants. | Case No.: 1:25-cv-00880-CM-BCM<br><br>NOTICE OF MOTION FOR SANCTIONS |

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Sanctions, dated January 16, 2026, the Declaration of Max Burwick, and the exhibits annexed thereto, Plaintiffs Diego Aguilar, Kendall Carnahan, and Michael Okafor, on behalf of themselves and all others similarly situated, will move this Court, before the Honorable Colleen McMahon, United States District Judge, at the United States Courthouse, Courtroom 24A, 500 Pearl Street, New York, New York 10007, on a date and time to be determined by the Court, for an Order imposing sanctions against Defendants Baton Corporation Limited d/b/a Pump.fun, Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale (collectively, "Defendants").

　　This motion is made pursuant to the Court's inherent authority to sanction bad-faith litigation conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); 28 U.S.C. § 1927; and Local Civil Rules 7.1 and 11.1.

By this motion, Plaintiffs seek an Order:

1. Awarding Plaintiffs their reasonable attorneys' fees and costs incurred as a result of Defendants' litigation misconduct, including fees associated with evidence preservation, forensic investigation, emergency filings, safety response measures, and the preparation of this motion;

2. Precluding Defendants from asserting any defense under Section 230 of the Communications Decency Act, 47 U.S.C. § 230;

3. Directing the immediate removal and permanent disablement of all tokens on Defendants' platform referencing Plaintiffs, Plaintiffs' counsel, counsel's family members, Burwick Law, or Wolf Popper, including all associated metadata;

4. Enjoining Defendants from permitting the creation of any tokens or metadata on their platform incorporating the names, likenesses, or identifiers of Plaintiffs, Plaintiffs' counsel, counsel's family members, or Plaintiffs' law firms;

5. Enjoining Defendants from posting or directing the posting of any threatening, harassing, or intimidating content referencing Plaintiffs, Plaintiffs' counsel, counsel's family members, or Plaintiffs' law firms on any social media platform, including but not limited to X (formerly Twitter) and Telegram—relief that is necessary because the foregoing token-related directives address only content on Defendants' platform, not Defendants' conduct on external platforms where much of the harassment campaign has been waged;

6. Requiring Defendants to submit sworn compliance certifications by an executive with personal knowledge of and authority over platform operations;

7. Appointing Adele Hogan as a compliance monitor to oversee implementation of the Court's directives;

8. Referring the conduct described in this motion to the United States Attorney for the Southern District of New York for investigation;

9. Granting such other and further relief as the Court deems just and proper.

Pursuant to Local Civil Rule 6.1, answering affidavits and memoranda of law, if any, shall be served within fourteen (14) days after service of this motion. Reply affidavits and memoranda, if any, shall be served within seven (7) days after service of the answering papers.

DATED: January 17, 2026
New York, New York

Respectfully submitted,

**BURWICK LAW PLLC**
By: */s/ Max Burwick*
Max Burwick
Luis Munoz
1 World Trade Center, 84th Fl.
New York, NY 10007
(646) 762-1080
max@burwick.law
luis@burwick.law

**WOLF POPPER LLP**
Chet B. Waldman
Terrence Zhang
845 3rd Avenue – 12th Floor
New York, NY 10022
212-759-4600
cwaldman@wolfpopper.com
tzhang@wolfpopper.com