UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO AGUILAR, KENDALL CARNAHAN and MICHAEL OKAFOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, NOAH BERNHARD HUGO TWEEDALE, SOLANA LABS INC., SOLANA FOUNDATION, ANATOLY YAKOVENKO, RAJ GOKAL, DAN ALBERT, AUSTIN FEDERA, LILY LIU, and LEAD KOL DOES 1–25.<br><br>Defendants. | Case No.: 1:25-cv-00880-CM-BCM |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**

Upon consideration of Plaintiffs' Motion for Sanctions, dated January 16, 2026, the accompanying Memorandum of Law and exhibits thereto, and any opposition and reply papers, and for good cause shown, it is hereby:

**ORDERED** that Plaintiffs' Motion for Sanctions is **GRANTED**; and it is further

**ORDERED** that Defendants Baton Corporation Limited d/b/a Pump.fun, Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale (collectively, "Defendants") shall pay Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' litigation misconduct. Within thirty (30) days of the date of this Order, Plaintiffs shall submit documentation supporting their fee application. Defendants may file any objections within fourteen (14) days thereafter. The Court will thereafter determine the amount of fees and costs to be awarded; and it is further

**ORDERED** that Defendants are **PRECLUDED** from asserting any defense under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, in this litigation; it is further

**ORDERED** that Defendants shall, within seven (7) days of the date of this Order, remove and permanently disable all tokens and associated metadata on the Pump.fun platform that incorporate the names, likenesses, images, or personal identifiers of Plaintiffs Diego Aguilar, Kendall Carnahan, and Michael Okafor; Plaintiffs' counsel Max Burwick; counsel's family members including Rachel Burwick and Neila Burwick; and the law firms Burwick Law PLLC and Wolf Popper LLP (collectively, "Protected Persons"), including but not limited to all tokens identified in Plaintiffs' motion papers; and it is further

**ORDERED** that Defendants, their officers, agents, employees, affiliates, and all persons acting in concert or participation with them, are **ENJOINED** from:

(a) Creating, permitting, facilitating, or hosting the creation of any tokens or metadata on the Pump.fun platform that incorporate the names, likenesses, images, or personal identifiers of any Protected Persons;

(b) Engaging in, facilitating, or permitting any conduct that targets, harasses, threatens, intimidates, or identifies any Protected Persons in connection with this litigation;

(c) Authorizing, compensating, or empowering any affiliate, badge holder, or third party to engage in any of the foregoing conduct;

(d) Posting or directing the posting of any threatening, harassing, or intimidating content referencing Plaintiffs, Plaintiffs' counsel, counsel's family members, or Plaintiffs' law firms on any social media platform, including but not limited to X (formerly Twitter) and Telegram; and it is further

**ORDERED** that within fourteen (14) days of the date of this Order, and every thirty (30)

days thereafter until further order of the Court, Defendants shall file a sworn compliance certification executed by an executive officer with personal knowledge of Defendants' operations, attesting to:

(a) The removal of all tokens and metadata required to be removed by this Order;

(b) The implementation of measures to prevent the creation of new tokens or metadata referencing Protected Persons;

(c) Continued compliance with all provisions of this Order; and it is further

**ORDERED** that Adele Hogan, co-founding partner of Broadfield U.S., shall be appointed as compliance monitor to oversee Defendants' implementation of and ongoing compliance with this Order. The compliance monitor's authority shall include: (a) oversight of Defendants' affiliate, KOL, and promotional programs to ensure they are not used to facilitate harassment of litigation participants; (b) access to Defendants' records, communications, and systems as necessary to verify compliance and to establish the full scope of the campaigns described herein; (c) review of Defendants' contractual and compensation relationships with individuals who participated in the conduct; and (d) authority to submit periodic reports to the Court. The reasonable fees and expenses of the compliance monitor shall be paid by Defendants; and it is further

**ORDERED** that the Clerk of Court shall transmit a copy of this Order and Plaintiffs' Motion for Sanctions, including all exhibits thereto, to the United States Attorney for the Southern District of New York for review and such further action as the United States Attorney deems appropriate; and it is further

**ORDERED** that the Court retains jurisdiction to enforce this Order and to impose additional sanctions, including contempt, for any violation of its terms; and it is further

**ORDERED** that Plaintiffs may seek such other and further relief as may be just and proper upon application to this Court.

**SO ORDERED.**

Dated: New York, New York
_____, 2026

_____
HON. COLLEEN McMAHON
United States District Judge