UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DIEGO AGUILAR, KENDALL CARNAHAN
AND MICHAEL OKAFOR, and on Behalf of All
Others Similarly Situated,

           Plaintiffs,

-against-

           25-cv-00880 (CM)

BATON CORPORATION LTD., d/b/a PUMP.FUN,
ALON COHEN, DYLAN KERLER, NOAH
BERNHARD HUGO TWEEDALE, SOLANA LABS
INC., SOLANA FOUNDATION, ANATOLY
YAKOVENKO, RAJ GOKAL, DAN ALBERT,
AUSTIN FEDERA, and LILY LIU,

           Defendants.
--------------------------------------------------------------X

## MEMORANDUM ORDER

McMahon, J.:

After receiving a letter motion and a letter response concerning the conduct at issue, the Court held a conference in open court on January 13, 2026. Although Plaintiffs' letter indicated that it was submitted for informational purposes only and did not request relief, the Court deemed the matter sufficiently serious to warrant inquiry.

At that conference, the Court addressed the complained-of conduct and was satisfied that the issue had been resolved, absent any recurrence.

At the January 13, 2026 conference, counsel for Defendant Pump.fun made the following representation on the record:

> If Mr. Burwick calls me in the future, if he sees a token on Baton that he thinks constitutes a threat to him, if he calls me, I can commit to Mr. Burwick and the Court, I will relay that to my client. And we will see that if it is in fact threatening

1

and violates the site's terms and conditions, if it's something we believe the Court would want to see taken down, we will take it down.

Dkt. No. 140, Jan. 13, 2026, Hr'g Tr., at 27:11–18. The Court will hold Defendants to that representation.

Plaintiffs have now filed a formal motion for sanctions based on the same conduct previously raised and addressed by the Court. Dkt. No. 137. The motion does not allege any new misconduct of the type discussed at the January 13, 2026 conference that is attributable to Defendants or to any person shown, on this record, to be acting on their behalf.

Plaintiffs point to a post on X/Twitter made by Defendant Cohen dated January 17, 2026 that he was "prepared to go to war." Dkt. No. 138-15, at 2. The Court does not construe that remark, standing alone, as sanctionable conduct because, while intemperate, it is rhetorical and non-specific, lacks any nexus to harassment or obstruction of the judicial process, and does not repeat or escalate the conduct previously addressed by the Court.

Plaintiffs also point to a post on X/Twitter dated January 14, 2026 that includes a digitally altered, humiliating image of Plaintiffs' counsel Max Burwick. Dkt. No. 138-19, at 7. Plaintiffs have not made a showing on the present motion that the post is attributable to any Defendant or to anyone acting at Defendants' direction. Accordingly, it does not constitute post-conference recurrence of the conduct previously addressed by the Court.

In addition, neither of the foregoing instances of post-conference conduct involves content posted on the Pump.fun platform. Therefore, neither can – on this motion and on this record – supply a basis for sanctions against Pump.fun predicated on a recurrence of *platform-based conduct* addressed by the Court on January 13, 2026.

Sanctions under the Court's inherent power are reserved for conduct that constitutes an abuse of the judicial process, and are not warranted absent a showing of bad-faith conduct that

2

meaningfully interferes with the Court's ability to manage the proceedings before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

Accordingly, the motion for sanctions is DENIED, without the need for Defendants to file opposition papers, because Plaintiffs have not adduced evidence that the conduct addressed by the Court at the January 13, 2026 conference has recurred.

The denial is without prejudice to renewal should Plaintiffs contend, based on new post-conference conduct attributable to Defendants (or their agents), that similar harassment has resumed. Any renewed motion must be predicated on misconduct occurring after January 13, 2026 and not previously presented to or addressed by the Court.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for sanctions is DENIED. The Clerk of Court is directed to remove the motion located at Docket Entry Number 137 from the Court's list of open motions.

This Memorandum Order constitutes the decision of the Court. It is a written decision.

Dated: January 23, 2026

_____
U.S.D.J.

BY ECF TO ALL COUNSEL