# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 1990 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 221 W. 10th STREET<br>WILMINGTON, DE 19801<br>(302) 884-0000 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

January 23, 2026

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2250
New York, New York 10007

> **Re:    Opposition to Plaintiffs' Letter Motion for Leave to File Under "*Ex Parte*"
> Viewing Level, *Aguilar* v. *Baton Corp. Ltd.*, No. 25 Civ. 880 (CM) (BCM)**

Dear Judge McMahon:

We write on behalf of Baton Corp. Ltd., Alon Cohen, Dylan Kerler, and Noah Tweedale (collectively, the "Baton Defendants") in opposition to Plaintiffs' letter motion for leave to file under seal at the "*ex parte*" viewing level (ECF No. 142) ("Letter Motion to Seal").

Plaintiffs apparently filed a motion for a protective order, supporting memorandum of law and multiple declarations, but have not shared that motion or any of the supporting papers with Defendants. Accordingly, Defendants do not know what has been requested, the legal basis for that request, or what alleged facts or purported evidence has been provided to the Court. Plaintiffs' application violates the applicable rules and Defendants' constitutional rights of due process, is inconsistent with the strong presumption of adversarial adjudication in civil cases, and threatens unfair prejudice to Defendants. Leave to file under seal or *ex parte* should be denied, and any papers Plaintiffs wish to file should be filed publicly with copies served on all parties of record.

Before filing this letter, we attempted to resolve these issues without court intervention. Through a phone call and email correspondence on January 23, 2026, we requested a copy of the documents filed *ex parte* as required under Local Rule 6.1, but Plaintiffs' counsel refused to provide them—even on an Attorneys' Eyes Only basis—without explanation other than a claimed need for confidentiality with respect to an alleged "whistleblower."

The "essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ.* v. *Loudermill*, 470 U.S. 532, 546 (1985). *Ex parte* applications, like the one filed here, are antithetical to these fundamental principles and rights. *See Schiller* v. *City of New York*, 2008 WL 186203, at *2

CAHILL GORDON & REINDEL LLP

-2-

(S.D.N.Y. Jan. 22, 2008) (denying defendants' motion to submit declaration *ex parte* and under seal and observing that "[p]ermitting the submission of secret argument is antithetical to our adversary system of justice"), *overruling objections*, 2008 WL 1777848, at *2 (S.D.N.Y. Apr. 14, 2008).[1]

As this Court recognized in connection with Plaintiffs' prior request to submit an *ex parte* declaration in this very case, *ex parte* submissions are extraordinary and disfavored. *See Aguilar* v. *Baton Corporation Ltd.*, 2025 WL 3523133, at *6 (S.D.N.Y. Dec. 9, 2025) (McMahon, J.) (rejecting Plaintiffs' request to submit *ex parte* supplemental declaration and observing "[c]ourts in this District generally disfavor reviewing *ex parte*, *in camera* declarations" and "*ex parte* submissions should be allowed only where strictly necessary"). Outside of "narrow circumstances" such as when "FOIA exemptions," "national security," or "state secrets" are implicated, courts allow *ex parte* submissions in "rare and generally [] unique circumstances where the court 'would have no basis upon which to resolve' the issue otherwise." *Id.* (collecting cases).[2]

Plaintiffs provide no basis to conclude that their motion presents such circumstances.[3] The Baton Defendants respectfully request that the Court deny Plaintiffs' Letter Motion to Seal and direct Plaintiffs to file publicly any papers they wish to file with copies served on all parties of record.

---

[1] *See also* S.D.N.Y. Local Rule 6.1(d) (requiring "a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary").

[2] Other courts in this District have held the same. *See, e.g.*, *Magee* v. *Walt Disney Co.*, 2020 WL 6047428, at *4 (S.D.N.Y. Oct. 13, 2020) ("*Ex parte* submissions are highly disfavored."); *Valles* v. *Cal. Dep't of Corr. & Rehab.*, 2025 WL 3219449, *1-2 (S.D.N.Y. Oct. 8, 2025) ("[T]here are 'stringent' restrictions on *ex parte* relief. . . . The Court declines to issue 'ill-considered' relief without giving Defendants notice and an opportunity to respond."); *Suber* v. *VVP Servs.*, 2021 WL 1101235, *19 (S.D.N.Y. Mar. 23, 2021) (denying a request for a temporary restraining order in light of "the 'extremely high' bar" for issuing "immediate, *ex parte* relief without giving Defendants notice and opportunity to respond").

[3] Notably, Plaintiffs have filed two motions since the January 13, 2026 conference—consisting of 29 documents and spanning over 282 pages—but only just filed today the RICO Case Statement required to support their Second Amended Complaint, which should have been filed with the Second Amended Complaint. *See* January 13, 2026 Conference Transcript at 43:20-24 (THE COURT: "When is the amended RICO case statement going to be filed? It should have been filed with the amended complaint. You know I have a requirement for a RICO case statement. You have already filed one. You need to file an amended one because you filed a much longer complaint.").

CAHILL GORDON & REINDEL LLP

-3-

Respectfully submitted,


**CAHILL GORDON & REINDEL LLP**

By:    */s/ Samson A. Enzer*
       Samson A. Enzer
       Tammy L. Roy
       Lauren Perlgut
       32 Old Slip
       New York, NY 10005
       (212) 701-3000

*Counsel for the Baton Officers*

**BROWN RUDNICK LLP**

By:    */s/ Stephen D. Palley*
       Stephen D. Palley
       Daniel L. Sachs
       1900 N Street NW, Suite 2400
       Washington, D.C. 20036
       (202) 536-1700
       (202) 536-1796

       Kyle P. Dorso
       One Financial Center
       Boston, MA 02111
       (617) 856-8200

*Counsel for Baton Corp. Ltd.*



cc: All Counsel of Record (via ECF)